IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  19-cv-2720

MITCHELL ROJO, an individual, and VALERIE WOODING-ROJO, an individual,

       Plaintiffs,

v.

WEST COAST SERVICING, INC. a California corporation, FRASCONA, JOINER, GOODMAN AND GREENSTEIN, P.C., a Colorado corporation,

       Defendants.

## COMPLAINT

### INTRODUCTION

1.    This is an action brought by Mitchell Rojo and Valerie Wooding-Rojo, individuals (the "**Plaintiffs**"), against West Coast Servicing, Inc. ("**West Coast**") and Frascona, Joiner, Goodman and Greenstein, P.C., (the "**Law Firm**") for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**") and the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 5-16-101 *et seq.* (hereinafter "**CFDCPA**").

2.    West Coast is an unlicensed debt collector.  After promising Plaintiffs that West Coast would release a deed of trust on Plaintiffs' home in exchange for payment of sixty-five thousand dollars, West Coast reneged, and through the Law Firm, demanded that Plaintiffs pay more than one hundred and fifteen thousand dollars instead.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claim in this action that it forms part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiffs are individuals who reside in the County of Jefferson, State of Colorado.

7. Plaintiffs are "consumers", as that term is defined by 15 U.S.C. § 1692a(3) and Colo. Rev. Stat. § 5-16-103(5).

8. West Coast is a corporation that collects debts from consumers in the State of Colorado.

9. West Coast has a place of business at 7911 Warner Avenue, Huntington Beach, California 92647.

10. West Coast regularly attempts to collect debts from consumers alleged to be due another.

11. West Coast is engaged in a business, the principal purpose of which is the collection of debts.

12. West Coast takes assignment of debts for collection purposes.

13. West Coast is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6), and a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

14. The Law Firm is a Colorado corporation that regularly collects debts from consumers in the State of Colorado.

15. The Law Firm has a place of business at 4750 Table Mesa Drive, Boulder, Colorado 80305.

16. The Law Firm is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6), and a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

## FACTS

17. On or about November 22, 2006, Plaintiffs incurred a monetary obligation (the "**Debt**") to KB Home Loans, a Countrywide Mortgage Ventures, LLC ("**Countrywide**") in the amount of $55,285.00.

18. The Debt was a second mortgage.

19. The Debt was incurred primarily for personal, family, or household purposes.

20. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692(a)(5) and Colo. Rev. Stat. § 5-16-103(8)(a).

21. The Debt was evidenced by a promissory note (the "**Note**") and secured by a deed of trust ("**Deed of Trust**").

22. On or about May 14, 2018, the Debt was assigned to West Coast.

23. The Debt was in default prior to May 14, 2018.

24. The Debt was assigned to West Coast for collection purposes.

25. The Debt was in default when it was assigned to West Coast for collection purposes.

26. West Coast attempted to collect the Debt from Plaintiffs by, among other things, mailing statements and dunning letters to Plaintiffs.

27. After negotiating with Plaintiffs, West Coast agreed to release the Deed of Trust if Plaintiffs paid to West Coast $65,000.00 on or before October 11, 2018.

28. Plaintiffs were ready, willing, and able to pay $65,000.00 on or before October 11, 2018.

29. On or before October 10, 2018, a title company requested a loan payoff from West Coast.

30. The Law Firm responded on or about October 10, 2018, and stated that the payoff was actually $115,210.85.

31. The representation that the amount owed was $115,210.85 was false, misleading, and not in accordance with West Coast's agreement with Plaintiffs.

32. By stating that the payoff was $115,210.85, and not $65,000.00, West Coast manifested its intent not to perform the previous agreement to release the Deed of Trust in exchange for payment of $65,000.00.

33. After West Coast repudiated and renounced its agreement to release the Deed of Trust for $65,000.00, Plaintiffs paid West Coast $115,210.85.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

34. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

35. At all times material hereto, Plaintiffs were "consumers", as that term is defined by 15 U.S.C. § 1692a(3).

36. At all times material hereto, the balance that West Coast and the Law Firm were attempting to collect was a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

37. At all times material hereto, West Coast was a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

38. At all times material hereto, the Law Firm was a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

39. At all times material hereto, the Law Firm was an agent of West Coast.

40. The FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e

41. The FDCPA prohibits debt collectors from misrepresenting the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

42. The FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

43. The FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount that is not permitted by law. 15 U.S.C. § 1692f(1).

44. West Coast and the Law Firm violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f(1).

45. West Coast is liable for the Law Firm's violations because the Law Firm is an agent of West Coast.

46. The Law Firm is liable for West Coast's violations because the Law Firm aided and abetted West Coast when West Coast violated the FDCPA.

47. The foregoing acts of Defendants constitute violations of the FDCPA.

48. Plaintiffs have suffered and continue to suffer actual damages as a result of West Coast's unlawful conduct.

49. Plaintiffs have suffered and continue to suffer actual damages as a result of the Law Firm's unlawful conduct.

50. Plaintiffs are entitled to judgment against West Coast and the Law Firm, jointly and severally, for actual and statutory damages, including attorney fees and costs, under the FDCPA, in an amount to be determined at trial. 15 U.S.C. § 1692k.

## COUNT II
### (Violations of the CFDCPA, Colo. Rev. Stat. § 5-16-101 *et seq.*)

51. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

52. At all times material hereto, Plaintiffs were "consumers", as that term is defined by Colo. Rev. Stat. § 5-16-103(5).

53. At all times material hereto, the balance that West Coast and the Law Firm were attempting to collect was a "debt", as that term is defined by Colo. Rev. Stat. § 5-16-103(8)(a).

54. At all times material hereto, West Coast and the Law Firm were "collection agencies", as that term is defined by Colo. Rev. Stat. § 5-16-103(3)(a).

55. At all times material hereto, the Law Firm was an agent of West Coast.

56. The CFDCPA prohibits debt collectors from conducting "the business of a collection agency . . . without having obtained a license under this article," and further requires that "[a]ny person acting as a collection agency must possess a valid license issued by the administrator . . . ." Colo. Rev. Stat. §§ 5-16-115(1)(a) and 5-16-118.

57. West Coast violated Colo. Rev. Stat. §§ 5-16-115(1)(a) and 5-16-118 by failing to obtain a valid license to collect debts in the State of Colorado.

58. The CFDCPA requires debt collectors to maintain an office within the State of Colorado that is open to the public during normal business hours and staffed by at least one full-time employee. Colo. Rev. Stat. § 5-16-123(1)(b)(I)(A).

59. West Coast violated Colo. Rev. Stat. § 5-16-123(1)(b)(I)(A) by failing to maintain an office within the State of Colorado.

60. The Law Firm is liable for West Coast's violations because the Law Firm aided and abetted West Coast when West Coast violated the CFDCPA.

61. To the extent that the violations of the foregoing requirements under the CFDCPA are unlike the Debt Collector's violations under the FDCPA, Plaintiffs are entitled to statutory damages under the CFDCPA in addition to the FDCPA.

62. Plaintiffs have suffered and continue to suffer actual damages as a result of West Coast's unlawful conduct.

63. Plaintiffs have suffered and continue to suffer actual damages as a result of the Law Firm's unlawful conduct.

64. Plaintiffs are entitled to judgment against West Coast and the Law Firm, jointly and severally, for actual and statutory damages, including attorney fees and costs, under the CFDCPA, in an amount to be determined at trial.  Colo. Rev. Stat. § 5-16-113.

## COUNT III
### (Breach of Contract – Against West Coast)

65. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

66. The agreement to accept $65,000.00 in satisfaction in full of the Debt is a valid and binding obligation of West Coast.

67. West Coast repudiated the agreement by indicating it would not perform when West Coast's time for performance came due.

68. West Coast's anticipatory repudiation of the agreement permits Plaintiffs to sue for total breach of the agreement.

69. Plaintiffs performed, or were ready, willing, and able to perform, all of their obligations under the agreement.

70. To the extent that Plaintiffs did not perform, any such non-performance was excused.

71. Plaintiffs have suffered damages in an amount to be determined at trial.

## COUNT IV
### (Promissory Estoppel – Against West Coast)

72. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 33 as though fully set forth herein.

73. West Coast promised to release the deed of trust in exchange for payment of $65,000.00

74. West Coast reasonably should have expected action or forbearance by Plaintiffs as a result of making the foregoing promise.

75. Plaintiffs did in fact take action in reliance of Plaintiffs promise, including, but not limited to, arranging a means to pay the amount promised by West Coast by means other than selling their Property.

76. Injustice can only be avoided by enforcement of the promise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mitchell Rojo and Velerie Wooding-Rojo pray for relief and judgment against West Coast and the Law Firm as follows:

1. Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00, against both defendants jointly and severally;

2. Awarding Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k, against both defendants jointly and severally;

3. Awarding Plaintiffs statutory damages, pursuant to Colo. Rev. Stat. § 5-16-113(1)(b)(I), in the amount of $1,000.00, against both defendants jointly and severally;

4. Awarding Plaintiffs actual damages pursuant to Colo. Rev. Stat. § 5-16-113(1)(a), against both defendants jointly and severally;

5. Awarding damages for breach of contract or promissory estoppel against West Coast

6. Enjoining West Coast and the Law Firm from the illegal collection of debts;

7. Enjoining West Coast and the Law Firm from filing suit on behalf of West Coast in the State of Colorado;

8. Awarding Plaintiffs reasonable attorney fees and costs incurred in this action;

9. Awarding Plaintiffs pre-judgment and post-judgment interest as may be allowed under the law; and

10. Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: September 23, 2019

>Respectfully submitted,
>
>/s/ Daniel J. Vedra
>Daniel J. Vedra
>Vedra Law LLC
>1444 Blake Street
>Denver, CO 80202
>Phone: (303) 937-6540
>Fax: (303) 937-6547
>Email: dan@vedralaw.com